IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| QUALITY EYE ASSOCIATES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 22-cv-2489 (RBK/SAK) |
| v. | : | |
| | : | **OPINION** |
| ECL GROUP, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant ECL Group LLC's ("ECL") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16), which asks the Court to dismiss Count Two (common law fraud) and Count Three (consumer fraud) of the First Amended Complaint (ECF No. 15). For the reasons set forth below, the Motion to Dismiss Counts Two and Three of the First Amended Complaint is **GRANTED**.

    **I.**    **BACKGROUND**

The following facts are taken from the allegations in the First Amended Complaint, which we accept as true for the purpose of deciding the Motion to Dismiss. Plaintiff is a licensed medical practice with its primary office located in Linwood, New Jersey. On or about July 28, 2010, Plaintiff and Defendant entered into an Agreement under which Defendant agreed to provide a software subscription and program known as iSolution (hereinafter "the Program") and to install the Program on Plaintiff's server. (ECF No. 15 ("Am. Compl.") ¶ 3). The Program was designed to ensure regulatory compliance with laws and regulations regarding billing of patients and to comply with the requirements of various accrediting agencies. (*Id.* at ¶ 8). On or about

1

October 7, 2010, Defendant's CEO, Arun Kapur, came to Plaintiff's Linwood office to install the Program. (*Id.* at ¶ 32). Kapur represented to Plaintiff that the Program would save and store the EMR and would back up files in case the server computer stopped working. (*Id.* at ¶ 34). Kapur also informed Plaintiff that it should hire a third-party company to store the EMR backup files daily. (*Id.*). Plaintiff hired a third party to retrieve and store EMR files daily, through December 25, 2020. (*Id.* at ¶ 35). In February 2013, Kapur stopped saving patient medical records in the backup files. (*Id.* at ¶ 39). From that date, Defendant concealed its failure to store, retrieve, or maintain the Program, while representing that it would "continue to store, retrieve or maintain the program through yearly updates." (*Id.* at ¶¶ 40–41).

On December 25, 2020, a computer crash caused Plaintiff to no longer be able to see, print, download, access, or reproduce the most critical portion of its EMR called the Patient's Visit Medical Records. (*Id.* at ¶ 10). These records included the medical and clinical records of Plaintiff's patients, including names, addresses, insurance information, prior and future appointments, and billing and financial records. (*Id.*). Plaintiff lost access to 37,073 records of patient visits, spanning the period from February 2013 through December 25, 2020. (*Id.* at ¶ 15). The loss of these records has "negatively impacted [Plaintiff's] ability to bill," causing Plaintiff a loss of approximately $990,000. (*Id.* at ¶ 17). In addition, Plaintiff has lost patients due to its inability to access patient records. (*Id.* at ¶ 18). Defendant was unable to restore the lost records. (*Id.* at ¶ 21). Plaintiff retained the services of a third party to attempt to recover the lost records but the attempt was unsuccessful. (*Id.* at ¶ 23).

Plaintiff originally filed suit in state court on March 25, 2022. (ECF No. 1-2 ("Orig. Compl.")). Defendant removed to this Court on April 28, 2022. (ECF No. 1). In the Original Complaint, Plaintiff brought claims of breach of contract, negligence, common law fraud, and

statutory consumer fraud. (Orig. Compl. ¶¶ 26–50). In a previous Order and Opinion, upon Defendant's first Motion to Dismiss, we dismissed Plaintiff's negligence claim. (ECF No. 12 at 6). We also dismissed Plaintiff's two causes of action for fraud because the Original Complaint's allegations failed to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). (*Id.* at 7–8). We first found that Plaintiff sufficiently pleaded the circumstances of fraud by alleging "that Defendant represented that the program was functional while knowing that it was not." (*Id.* at 7). However, we then found that Rule 9(b)'s particularity requirement was not met because Plaintiff failed "to plead the date, time and place of this fraud" and did not "plead specific days that misrepresentations were made, which of Defendant's employees made them, where they made them," nor did Plaintiff "provide anything further to substantiate" the claims of fraud. (*Id.*).

In the First Amended Complaint, Plaintiff again alleges Defendant made representations that the Program would save clinical records despite knowing that it would not. (Am. Compl. at ¶¶ 20, 43). The First Amended Complaint brings claims of breach of contract (Count One), common law fraud (Count Two), and statutory consumer fraud (Count Three). Defendant now seeks to dismiss Counts Two and Three.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224,

233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III. DISCUSSION

The elements of common law fraud are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 313 (3d Cir. 2012) (quoting *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997)). "[F]uture promises

4

cannot sustain a claim of fraud." *Robinson v. Wingate Inns Intern., Inc.*, No. 13-cv-2468, 2015 WL 4064654, at *3 (D.N.J. June 30, 2015).

To state a claim under the New Jersey Consumer Fraud Act (NJCFA), a plaintiff must plead the following elements: "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Zaman v. Felton*, 98 A.3d 503, 516-17 (N.J. 2014). A claim of consumer fraud under the NJCFA "may consist of either affirmative acts or acts of omission." *Viking Yacht Co., Inc. v. Composite One LLC*, 385 Fed. Appx. 195, 200 (3d Cir. 2010). "[W]hen a plaintiff's claim is that there was an affirmative act such as fraud or deception, it is not necessary that plaintiff show either defendant's knowledge or intent or that the misrepresentation was of a material fact." *Leon v. Rite Aid Corp.,* 340 N.J.Super. 462, 774 A.2d 674, 678 (N.J.Super.Ct.App.Div.2001). However, to state a claim of consumer fraud by omission, a party must allege facts showing scienter, i.e., that "the defendant acted knowingly." *Ji v. Palmer*, 333 N.J. Super. 451, 461 (2000).

Both Common Law Fraud and Consumer Fraud claims are subject to heightened pleading requirements. *Frederico v. Home Depot*, 507 F.3d 188, 199, 202 (3d Cir. 2007). Federal Rule of Civil Procedure 9(b) states, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." To satisfy Rule 9(b)'s particularity requirement a plaintiff must: (1) "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged"; and (2) "plead or allege the precise the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* at 200 (citing *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004)).

Defendant argues the First Amended Complaint fails to plead a cause of action for common law fraud or affirmative fraud under the NJCFA because it does not allege "a material misrepresentation of *presently existing or past* fact." *Nuveen Mun. Tr.*, 692 F.3d at 313 (emphasis added); *see also Viking Yacht*, 385 Fed. Appx. at 200 (holding a representation that was not false "could not have been an affirmative misrepresentation" under the NJCFA). The complaint alleges that Defendant's CEO, Arun Kapur, told Plaintiff in 2010 that the Program "would save and store the EMR and backup files in case the server computer stopped working." (Compl. ¶ 34). Yet the Plaintiff also alleges that, until January 2013, "all medical records were saved and stored which included patients' medical records." (*Id.* at ¶¶ 37, 53). In other words, according to the allegations in the Complaint, at the time that Kapur made the representation that the Program would save and store the EMR and backup files, this representation was true. Plaintiff alleges that the Program only failed to properly store records after 2013. (*Id.* at ¶ 39 ("In February, 2013, Arun Kapur . . . stopped saving patient medical records in the backup files"); ¶ 40 ("After 2013, Defendant concealed its failure to store, retrieve, or maintain the Program")). Plaintiff does not allege any specific statements made by Defendant after January 2013. Because the only statement alleged with particularity occurred in 2010, and according to Plaintiffs' own allegations the Program only stopped saving records in 2013, the statement constitutes a "future promise" which "cannot sustain a claim of fraud." *Robinson*, 2015 WL 4064654, at *3.

Likewise, Defendant argues Plaintiff fails to plead an actionable omission under the NJCFA. As Defendant points out, there was no special or fiduciary relationship between Defendant and Plaintiff such that Defendant had a duty to disclose. (ECF No. 16 at 4 (citing *Stockroom, Inc. v. Dydacomp Develop. Corp.*, 942 F. Supp. 2d 537, 546 (D.N.J. 2013)). Moreover, in order to plead an omission under the NJCFA, Plaintiff is required to allege facts

6

showing "that the defendant acted knowingly." *Ji*, 333 N.J. Super. at 461. Plaintiff does not allege facts that would allow us to infer that, when Kapur made representations in 2010 that the Program would store the EMR records, she knew that three years later, the Program would fail to do so. An omission of information outside of the defendant's knowledge cannot be used to sustain a claim under the NJCFA. *Ji*, 333 N.J. Super. at 461.

Plaintiff argues paragraph 41 of the Complaint provides "the misrepresentation that forms the basis of Plaintiff's claims for consumer fraud and common law fraud." (ECF No. 17 at 3). Paragraph 41 alleges that "Defendant misrepresented it would continue to store, retrieve or maintain the Program after 2013 and through yearly program updates." (Compl. ¶ 41). This allegation has the same flaw as the allegations in the Original Complaint: it does not meet the particularity requirement of Rule 9(b) because it does not state who made the representation, the precise date the representation was made, or the location the representation was made. This allegation therefore cannot form the basis for Plaintiff's common law fraud claim.

Because the First Amended Complaint does not allege a misrepresentation or omission with particularity that could form the basis for a cause of action for fraud, Counts Two and Three of the First Amended Complaint are dismissed for failure to state a claim.

### IV.     CONCLUSION

Defendant's Motion to Dismiss is **GRANTED**. Counts Two and Three are accordingly dismissed. Count One of the First Amended Complaint remains. An Order follows.


Dated: 3/20/2022                                          /s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge